## TOLEDO, ST. LOUIS & WESTERN) RAILROAD COMPANY v. PARKS.

[No. 20,414. Filed December 7, 1904.]

APPEAL AND ERROR.—*Bill of Exceptions.*—*Time of Signing and Filing.*— Where the record is silent as to whether a bill of exceptions was signed before it was filed, but shows that such signing and filing occurred on the same day, the presumption is that the signing preceded the filing.

RAILROADS.—*Setting Fires.*—*Evidence.*—Where, in an action against a railway company for damages for negligently setting a fire and destroying timber, the plaintiff showed that he was the owner of a tract of woodland; that the railroad run along it east and west and almost level; that on a dry day about noon a freight-train passed; that a fire broke out about ten feet from the track; that the wind was blowing in that direction; that the fire destroyed the timber; that there was no fire there before the train passed, and the defendant proved by one of its inspectors that the engine hauling the freight-train was inspected that evening and the spark-arrester was in good condition; that it was of the kind most generally used and the best made; that the meshes in it were as small as could be used without impairing the draft and steaming power of the engine; that some sparks will escape under the most favorable conditions and will be carried by the winds, a verdict against such company will be set aside for lack of evidence, since there was a failure of evidence to show a negligent escape of fire. *pp. 593–596.*

From Grant Superior Court; *B. F. Harness,* Judge.

Action by Henry N. Parks against the Toledo, St. Louis & Western Railroad Company for damages for negligently setting fire to his woods. From a judgment on a verdict for $250, the defendant appeals. Transferred from the Appellate Court under § 1337u Burns 1901. *Reversed.*

*C. G. Guenther, Braden Clark, Clarence Brown* and *C. A. Schmettau,* for appellant.

*J. A. Kersey,* for appellee.

HADLEY, J.—Appellee recovered judgment for damages caused by fire, alleged to have been permitted to escape from a locomotive, through the negligence of appellant. The negligence charged in the complaint was the use on the locomotive of an insufficient spark-arrester, and an in-

sufficient furnace, fire-box, and ash-pan, by reason whereof fire was thrown out and away from the engine onto the plaintiff's timber land adjoining the defendant's right of way, ignited the grass and destroyed his growing trees. The answer was a general denial.

. The overruling of the motion for a new trial is the decision challenged. The grounds of this motion are the insufficiency of the evidence, the admission of improper evidence, and the giving and the refusing of certain instructions. Is the evidence sufficient to sustain the verdict?

Appellee makes the point that the evidence is not in the record because the bill of exceptions purporting to contain it is not shown to have been filed after it was signed by the judge. An inspection of the record reveals that the signing and filing of the bill occurred upon the same day, and under the repeated rulings of this court in such cases we will presume, in favor of the proper action of the judge, that he subscribed his signature to the bill before it was filed. *Martin v. State* (1897), 148 Ind. 519; *Minnick v. State, ex rel.* (1900), 154 Ind. 379, 382; *Bradley, Holton & Co. v. Whicker* (1899), 23 Ind. App. 380.

The plaintiff introduced evidence to the effect that he owns a farm of 100 acres, a portion of which, known as the "woods," was situate north of and adjoining appellant's right of way. The railroad at this point is almost level, and runs east and west. On April 22, 1903, between 11:30 and 12 o'clock a. m., in a dry time, and within a few minutes after a freight-train on appellant's road went west, a fire broke out in appellee's woods at a point about ten feet from the right of way. At the time there was a brisk wind blowing from the southwest toward the northeast. The fire spread rapidly, and, before it could be controlled, destroyed growing trees to the damage of the plaintiff of $250. Before the passage of the freight-train there was no fire in the plaintiff's woods, and aside from the locomotive

that hauled the train there was no known, actual, or probable source of fire. On the other hand, the defendant produced evidence that engine No. 64 pulled the freight-train that passed the point where the fire occurred about 11:45 a. m., and no other engine or train passed the place within one hour of the time of the fire; that engine No. 64 was equipped with a spark-arresting device that was in common use on railroads, and was generally regarded as one of the best and most approved devices for preventing the escape of fire. On the evening after the fire, upon the return of engine No. 64 to the roundhouse, it was inspected by a competent inspector, who examined the spark-arrester, fire-box, and ash-pan, and made, as the inspection progressed— and as he does in all inspections—a record of the condition of each part, and the spark-arrester, fire-box, and ash-pan were at that time in good condition. The mesh of the netting used in the spark-arrester on engine No. 64 was the same size used in all first-class arresters, and is as small as can be used without impairing the draft and steaming power of the locomotives. Some fire will find its way through the netting under the most favorable conditions, and once through will escape from the smoke-stack to the open air, and be subjected to the control of the elements; and how far it will be carried depends upon the velocity of the wind and state of the atmosphere.

To entitle him to recover, the law requires the appellee to establish two things by a preponderance of the evidence: (1) That the fire which destroyed his trees escaped from appellant's locomotive; and (2) that the escape was caused by the negligence of appellant. Appellee well understanding what the law required of him in this respect made the necessary averments in his complaint. Has he established both propositions by competent and sufficient evidence? We assume, without deciding, that there were enough circumstances established to warrant the conclusion that the fire did escape from appellant's engine, but we are unable

to find a syllable of testimony, or a single circumstance shown by the evidence, that will sustain a legal inference in support of the negligence charged. The law recognizes the right of a railroad company to carry fire on its locomotives for the production of steam. It holds the company to a degree of care proportionate to the danger to prevent its escape; but when the company uses and maintains in good repair devices which are generally used and approved as the best and most efficient means for the suppression of fire, it has done all the law requires, and if fire escapes, notwithstanding such precaution, the escape is not accounted negligence in the company. *Toledo, etc., R. Co.* v. *Fenstermaker* (1904), *ante,* 534.

A railroad company, like an individual engaged in a lawful pursuit, is presumed to obey the law in the running of its trains. If, therefore, fire escapes from its locomotives, the escape is presumed to have occurred without the fault of the company, and whoever charges the contrary must prove it by a preponderance of the evidence. *Chicago, etc., R. Co.* v. *Ostrander* (1888), 116 Ind. 259, 263.

There is no evidence whatever that the fire originated from the escape of coals or sparks from the fire-box or ash-pan, and for the purpose of argument merely, and as indicating the basis upon which the verdict rests, the jury found, in answer to interrogatories propounded to it by the court, that the fire was started by a spark emitted from the smoke-stack of appellant's engine, which engine at the time was equipped with one of the best and most approved appliances in use for arresting sparks and preventing the escape of fire, and was being operated in a careful manner and by competent employes; but the spark-arrester was not, at the time, in good repair.

What evidence can appellee point to that tends to prove that the spark-arrester was out of repair? No witness testified that it was in bad condition, or to seeing more sparks issue from the smoke-stack of the locomotive than is usual

in engines skilfully equipped with the best and most approved appliance. Such finding is not only not sustained by any evidence, but is contrary to the uncontradicted testimony of a witness who personally inspected the spark-arrester the evening after the fire, upon the return of the engine to the roundhouse. A verdict in favor of a party having the burden of proof can not be arrived at by a mere guess or conjecture, but must be grounded upon some substantial legal evidence.

From the evidence adduced we have an uncontroverted case where the locomotive, claimed to have communicated the fire, was equipped with the most approved and best known spark-arrester, in good condition, and carefully operated by competent employes. If fire escaped from such an engine, as we have seen, it must be accounted an accident for which appellant is not liable. The court erred in refusing appellant a new trial.

There are other questions presented which we deem unprofitable to decide, as they are not likely to arise upon a new trial.

Judgment reversed, and cause remanded, with instructions to grant appellant a new trial.