## JONES ET AL. *v.* BEASLEY ET AL.

[No. 23,590. Filed May 31, 1921. Rehearing denied October 13, 1921.]

1. APPEAL.—*Review.—Instructions.—Evidence not in Record.— Right of Review.—Statutes.*—Under §691 Burns 1914, §650 R. S. 1881, providing that when an appeal is prosecuted to obtain a review of instructions given and refused, it shall not be necessary to set out in the record the evidence, it is sufficient in the bill of exceptions to set out the instructions given, with a recital that each and all were applicable to the evidence. p. 212.

2. APPEAL.—*Bill of Exceptions.—Time of Filing and Signing.— Recitals in Bill.*—Where the record is silent as to whether the bill of exceptions was signed before it was filed, but recites that it was presented, signed and ordered filed on a certain date and was filed on the same date, is sufficient to establish that the signing preceded the filing. p. 212.

3. . APPEAL. — *Bill of Exceptions. — Recitals.—Verifications.— Judge's Certificate.*—The judge's certificate to a bill of exceptions reciting that appellants "asked that the same be signed, sealed and filed * * * and made a part of the record thereof, which was accordingly done," etc., sufficiently certified that the statements in the bill of exceptions which preceded the certificate, were true. p. 212.

4. APPEAL.—*Review.—Instructions.—Evidence not in Record.*— Where the evidence has not been brought into the record, if the instructions objected to would not have been erroneous under a supposable state of the evidence admissible under the issues, no reversible error is presented. p. 213.

5. APPEAL.—*Review.—Burden to Show Error.*—The burden is upon the appellant to present for review a record which affirmatively shows that the error complained of was committed. p. 213.

6. APPEAL.—*Review.—Erroneous Instructions.—Presumptions.*— Where it is shown that an erroneous instruction was given, and that it was duly excepted to, the Supreme Court will not indulge in conjecture as to whether the state of evidence made the error harmless, but it will be presumed to have prejudiced appellant's substantial rights unless the contrary is shown. p. 213.

7. WILLS.—*Contest.—Answers to Interrogatories.—Sufficiency.— Undue Influence.*—Answers to interrogatories by the jury in a will contest that did not disclose upon what evidence the finding was based, nor upon what evidence they based their conclusion that the alleged will did not dispose of decedent's property as he desired and that such disposition was produced by undue influence, or that their conclusion was based on evidence other than the decedent's declarations of a purpose to dispose of his property in a different way, were insufficient. p. 213.

8. WILLS.—*Contest.—Declarations of Testator.—Instructions.— Undue Influence.*—In an action to contest a will on the ground of undue influence, an instruction permitting the jury to consider the fact that previous to the time of the alleged execution of the will, when the testator was in good health and of unquestioned soundness of mind, he declared his intention of otherwise disposing of his property, was incorrect under any evidence to which it would be applicable, admissible under the issues. p. 214.

From Grant Circuit Court; *J. F. Charles*, Judge.

Action by Sarah Beasley and others against Jane A.

Jones and others. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*William H. Charles* and *Arlo L. Cline,* for appellants. *Gus S. Condo* and *John R. Browne,* for appellee.

EWBANK, J.—The appellees brought this suit against the appellants to contest and set aside the will of Jacob Pouless, which had been admitted to probate. The complaint alleged that the appellees and two of the appellants were daughters of Jacob Pouless and his sole heirs, and that the third appellant was the executor of his alleged will and the husband of one of said daughters; that Jacob Pouless died the owner of certain real and personal property; that after his death a writing purporting to be his will was admitted to probate, and thereupon said third appellant was appointed and qualified as executor; that the other appellants are the sole legatees and devisees under said pretended will and that it purports to dispose of all his real and personal property to them; that said pretended will is invalid because: (1) Jacob Pouless was of unsound mind at the time it was attempted to be executed; (2) its alleged execution was procured by undue influence; (3) it was unduly executed; and (4) its execution was procured by fraud in that Jacob Pouless was then eighty years old and physically and mentally infirm and susceptible to undue influence, importunities and persuasion, and not capable of resisting the influence of others, and that the appellants and others, while he was in this condition, unduly persuaded, importuned and influenced him to execute said pretended will. An answer of denial formed the issue which was submitted to a jury for trial.

The jury found in general terms "that the alleged will in controversy is not the will of Jacob Pouless, and that the same is invalid and null and void," and also an-

swered seventeen interrogatories hereinafter referred to. A motion for a new trial was duly filed, which specified as a reason, among others, that the court erred in giving to the jury a certain instruction numbered eight. This motion was overruled and appellants reserved an exception, and within the time allowed by the court filed their bill of exceptions and perfected an appeal. None of the evidence is in the record, but the instructions are set out in a bill of exceptions which recites that they were all of the instructions given in said cause, and that each and all of them were applicable to the evidence in said cause. §691 Burns 1914, §650 R. S. 1881; *Adams* v. *Vanderbeck* (1896), 148 Ind. 92, 94, 45 N. E. 645, 47 N. E. 24, 62 Am. St. 497; *Waters* v. *Indianapolis Traction, etc., Co.* (1916), 185 Ind. 526, 532, 113 N. E. 289.

Appellees object to the consideration of the instruction complained of for a number of reasons. The first of these reasons is based upon the alleged insufficiency of the order-book entry and certificate to the bill of exceptions to show that the bill of exceptions was filed after it was signed. The certificate recites that it was presented, signed and ordered filed on June 2, 1919, and the order-book entry states that the bill of exceptions, as set out, was filed on that day. This was sufficient. *Toledo, etc., R. Co.* v. *Parks* (1904), 163 Ind. 592, 593, 72 N. E. 636.

The judge's certificate does not end with the statement that the bill of exceptions was presented to him. It recites that the appellants "ask that the same be signed, sealed and filed as a paper in said cause, and made a part of the record thereof, which is accordingly done," etc. This sufficiently certified that the statements in the bill of exceptions which preceded such certificate were true.

Where the evidence is not in the record, the giving

of an instruction will not constitute reversible error if it would not have been erroneous under a sup-
4. posable state of the evidence admissible under the issues to which it could apply. *Mankin* v. *Pennsylvania Co.* (1903), 160 Ind. 447, 454, 67
5. N. E. 229; *Indianapolis Traction, etc., Co.* v. *Ripley* (1911), 175 Ind. 103, 108, 93 N. E. 546; *Michigan, etc., R. Co.* v. *Farrell* (1912), 52 Ind. App. 603, 608, 99 N. E. 1026. The burden is upon the appellant to present for review a record which affirmatively shows that the error complained of was committed. Ewbank's Manual, §§122, 198, 209.

But if it is shown that an erroneous instruction of a character which might probably be prejudicial to appellant was given and was duly excepted to, the
6. court will not indulge in conjecture as to whether the state of the evidence made the error harmless, but it will be presumed to have prejudiced appellant's substantial rights unless the contrary is shown. *Waters* v. *Indianapolis Traction, etc., Co., supra; Cleveland, etc., R. Co.* v. *Case* (1910), 174 Ind. 369, 376, 91 N. E. 238; *Neely* v. *Louisville, etc., Traction Co.* (1913), 53 Ind. App. 659, 102 N. E. 455.

With the general verdict finding that the will "is invalid, null and void," the jury returned answers to interrogatories finding that Jacob Pouless was of
7. sound mind and possessed testamentary capacity, and that the will was duly signed and witnessed, but that he did not execute it in pursuance of his own wish and judgment, and it was not his free act and deed, and did not dispose of the property in accordance with his wish and desire. Two interrogatories and the answers thereto were as follows: "Q. 9. What connection if any, did the defendants, or either of them, have in any way, of inducing, suggesting, soliciting or procuring the will in question to be executed by Jacob

Pouless? A. Previous association. Q. 11. What, at any time prior to the execution of the will in question, did the defendants or either of them, or any other person or persons, at their solicitation do, if anything, to induce, cause, procure or obtain, the making of said will in controversy by the said Jacob Pouless? A. The exercise of undue influence and persuasion."

Ignoring the failure of these answers to state any facts at all, and accepting them as showing that the jury found that the will was procured by undue influence, they do not disclose upon what evidence that finding was based; nor is there anything in the answers to any of the interrogatories to show upon what evidence the conclusion reached by the jury that the alleged will did not dispose of decedent's property as he desired and was the product of undue influence, was based, or that it was based on evidence other than his declarations of a purpose to dispose of such property in a different way.

The instruction questioned by appellant's assignment of errors and brief reads as follows: "8. The court instructs you that as bearing upon the question 8. of undue influence, if you find from the evidence that at a time or times previous to the alleged execution of the will in question, when in good health and of unquestioned soundness of mind, the testator declared that he intended to divide his property share and share alike, between all of his children, and that the disposition of his property, as in the alleged will provided, is not in harmony with such previous declarations, you should consider this fact, if proven, in determining whether or not any undue influence was used upon the testator in procuring the alleged will to be executed as it is." This instruction could not be correct under any evidence to which it would be applicable, admissible under the issues. Robbins, Exr., v. Fugit (1920), 189 Ind. 165, 126 N. E. 321; Ditton v. Hart

(1911), 175 Ind. 181, 189, 93 N. E. 961; *Westfall* v. *Wait* (1905), 165 Ind. 353, 360, 73 N. E. 1089, 6 Ann. Cas. 788; *Whiteman* v. *Whiteman* (1899), 152 Ind. 263, 277, 53 N. E. 225.

So far as the record discloses, the evidence referred to in this instruction may have been the chief, or even the sole, basis for the conclusion reached by the jury that Jacob Pouless did not intend nor desire to dispose of his property in the manner provided by the alleged will, but was induced to execute such will by undue influence. Evidence of that kind is not competent to prove undue influence.

The judgment is reversed, with directions to sustain appellant's motion for a new trial.