## THOMAS v. CITY OF HUNTINGTON.

[No. 11,478.   Filed November 14, 1923.]

1.  APPEAL.— *Questions Presented for Review.— Instructions.— Sufficiency.—Statutes.—*Section 669 Burns 1914, §630 R. S. 1881, providing a special method by which a question of law may be presented on appeal, requires that the bill of exception shall embrace, distinctly and briefly, so much of the record together with the statement of the court as will enable the appellate tribunal to apprehend the particular question presented, *held* a bill of exceptions containing no evidence, and the only statement of the trial court embraced therein is in the form of a certificate reciting that each instruction requested by defendant was applicable to the evidence, is insufficient to present any question as to the correctness of any ruling on instructions given or refused.   p. 479.

2.  APPEAL.—*Question Presented for Review.—Record.—Instructions.— Bill of Exceptions.— Sufficiency.— Reversible Error.— Statutes.—*Notwithstanding §691 Burns 1914, §650 R. S. 1881

Thomas *v.* City of Huntington—80 Ind. App. 476.

providing the method by which the ruling on instructions may be presented for review without bringing up the evidence, the rule is that where there is no evidence in the record, the judgment will not be reversed on instructions given, except where the instructions given are so utterly erroneous that they would not be applicable to any evidence admissible within the issues and are of such a nature that its probable effect was harmful. p. 480.

3. APPEAL.— *Questions Presented for Review.— Record.— Refusal of Instructions.—Bill of Exceptions.—Sufficiency.—Presumptions.—"Applicable."—Statutes.*—An appeal perfected un-under §669 Burns 1914, §630 R. S. 1881, where the evidence is not in the record, a recital in the bill of exceptions that an instruction, requested and refused, was applicable to the evidence, will be accepted as conclusive, except where it is so utterly erroneous that it could not have been applicable to any evidence admissible within the issues and is of such a nature that its probable effect would have been harmful, as a rejection of a requested instruction raises the presumption that it was not applicable to the evidence; "applicable" means fit, suitable, appropriate, pertinent. p. 481.

4. APPEAL.—*Questions Presented.—Record.—Bill of Exceptions. —Refusal of Instructions.*—In an action by a pedestrian against a city for injuries sustained by stumbling over a barbed wire imbedded in the street, the refusal to give an instruction to the jury informing them that plaintiff could not be held guilty of contributory negligence because she did not see the wire, was reversible error, the court on appeal being bound to assume that the evidence, which was not in the record, bearing upon that feature was such that no other legitimate conclusion could possibly have been reached. p. 481.

From Huntington Circuit Court; *Eben Lesh,* Special Judge.

Action by Martha A. Thomas against the city of Huntington. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Samuel E. Cook* and *Otto H. Krieg,* for appellant.
*William D. Hamer,* for appellee.

This action was instituted by Martha A. Thomas against the City of Huntington to recover damages on account of personal injuries alleged to have been re-

ceived by an accident due to a defective street. It is averred in the complaint that the plaintiff was walking on and along the traveled portion of the street; that there was no sidewalk on either side of the street; that a delivery wagon drawn by two horses approached her from the rear; that to avoid the approaching team she stepped aside from the traveled portion of the street; that the city had graded and improved the street by depositing cinders thereon; that in making the grade a portion of a barbed wire was imbedded in the street and the remaining portion of the wire was left exposed; that the exposed portion of the wire was on or near the surface of the ground, its presence there being obscured by grass and weeds and one end thereof being fastened to a post at the south side of the street; that her left foot caught under the wire and thereby she was thrown violently to the ground; that as a result of the fall the radius of her left arm was fractured and various parts of her body were severely bruised. The trial resulted in a verdict and judgment for the defendant. The assignment of error challenges the ruling on the motion for a new trial. The specific contentions are that the court erred in two of the instructions given and in refusing to give two of the instructions requested by the plaintiff.

The recitals in the bill of exceptions, which are essential to an understanding of the case presented here, are as follows: That the plaintiff tendered to the court, and requested the court to give, certain instructions numbered consecutively from 1 to 10 inclusive, and that the court gave all of them excepting Nos. 3, 6 and 10; that the defendant tendered to the court, and requested the court to give, certain instructions numbered consecutively from 1 to 19, and that the court gave twelve, and rejected seven, of them; that the bill contained all the instructions given and all the instructions refused;

that the court gave no instructions on its own motion; and "that said instructions and each of them were applicable to the evidence."

The bill contains no evidence whatever and no statement by the trial court concerning the facts.

DAUSMAN, J., after making the foregoing statement:

It clearly appears that the appellant attempted to prepare the record for this appeal in accordance with that provision of the Code which authorizes an appeal from a "reserved" question of law. §669 Burns 1914, §630 R. S. 1881. That section provides a special method by which a question of law may be presented on appeal, prescribes a special method for preparing a bill of exceptions, and designates what the bill shall contain. The commendable purpose of the special procedure thus provided is to enable an aggrieved litigant to present for review a question of law without occasioning the needless expense of bringing up all the evidence and without burdening the appellate tribunal with irrelevant portions of the record. But that special procedure is unavailing unless the transcript shows a compliance with all the essential requirements of the Code relating thereto. Elliott, Appellate Procedure §233, *et seq.*; Ewbank's Manual §96, *et seq.* One of the essential requirements is that the court shall cause the bill to be so made that it will embrace, distinctly and briefly, so much of the record only as, when taken together with the statement of the court, will enable the appellate tribunal to apprehend the particular questions to be decided. Since in this case the bill contains no evidence whatever, and the only statement of the trial court embraced therein is in the form of a certificate reciting that each instruction requested by the plaintiff and each instruction requested by the defendant is applicable to the evidence, it follows that the bill is not sufficient to present, by virtue of the spe-

cial procedure now under consideration, any question as to the correctness of any ruling on instructions given or refused.

As to the instructions .given, the appellant can derive no benefit from that other provision of the Code which prescribes a method by which the ruling on instructions may be presented for review on appeal without bringing up the evidence. §691 Burns 1914, §650 R. S. 1881. Notwithstanding the explicit language of §691 Burns 1914, supra, the rule has been established that, where there is no evidence in the record the judgment will not be reversed on an instruction given, except where the instruction is so utterly erroneous that it could not be applicable to any evidence admissible within the issues and is of such a nature as that its probable effect was harmful. In other words, as to an instruction given, the recital in the bill that it is applicable to the evidence will be ignored where the instruction is within the exception stated in the above rule. In adopting that rule manifestly the court was impelled by sheer necessity; for on such a record justice could not be done on any other basis. Drinkout v. Eagle Machine Works (1883), 90 Ind. 423; Rozell v. City of Anderson (1883), 91 Ind. 591; Belck v. Belck (1884), 97 Ind. 73; Lynch v. Bates (1894), 139 Ind. 206, 38 N. E. 806; Kinney v. Dodge (1885), 101 Ind. 573; Shugart v. Miles (1890), 125 Ind. 445, 25 N. E. 551; Adams v. Vanderbeck (1896), 148 Ind. 92, 45 N. E. 645, 47 N. E. 24, 62 Am. St. 497; Jones v. Beasley (1921), 191 Ind. 209, 131 N. E. 225; Jennings v. Bond (1896), 14 Ind. App. 282, 42 N. E. 957; Sherman v. Indianapolis Traction, etc., Co. (1911), 48 Ind. App. 623, 96 N. E. 473.

Neither instruction given, of which the appellant complains, is .of such a character as, on the record before us, would justify a reversal.

However, as to an instruction requested and *refused;* the situation is reversed. The rejection of the requested instruction raises the presumption that it was

3. not applicable to the evidence. Therefore, the recital in the bill that it is applicable to the evidence should be accepted as conclusive, except where it is so utterly erroneous that it could not be applicable to any evidence admissible within the issues and is of such a nature that its probable effect would have been harmful. Instruction No. 6, requested by the plaintiff and refused by the court, does not come within the exception just stated. Therefore, this court is bound by the recital that this particular instruction is applicable to the evidence. Applicable means fit, suitable, appropriate, pertinent. Why, then, was it not given? Logically there seems to be but one justification for rejecting it, viz.: that the substance of it is sufficiently included in the instructions given. *Abney* v. *Indiana, etc., Co.* (1908), 41 Ind. App. 53, 60, 83 N. E. 387.

The rejected instruction now under consideration deals exclusively with the subject of contributory negligence. It states in an abstract way what con-

4. stitutes due care on the part of a person traveling on a street. The substance of that part of it is that a person traveling on a street has the right to assume that the street is reasonably fit for travel; that while the traveler is bound to use his faculties for observation in an ordinary and reasonable way, proportionate to the danger to be apprehended from the time, place, and existing conditions, he is not bound to keep his eyes constantly upon the ground; that he is not bound to make an active search for defects nor to look for danger at every step; and that he has the right to assume that the public officers have done their duty, unless he has some knowledge to put him on his

'guard. But it ends with the following significant statement: "And in this case the plaintiff would not be held guilty of negligence because she did not discover the wire." The closing sentence of the requested instruction is important. If it would not have taken from the jury the entire element of contributory negligence, it would at least have informed the jurors that the mere fact that the plaintiff did not see the wire in time to avoid striking her foot against it, would not of itself constitute contributory negligence. We are bound to assume that the evidence bearing upon that feature was of such a character that no other legitimate conclusion could possibly have been reached; and that therefore it was the duty of the court to treat that conclusion as an established fact which was not within the realm of controversy. The substance of this requested instruction is not included in the charge to the jury; and the natural and probable effect of the court's failure to give it was harmful to the plaintiff. That failure constitutes reversible error.

It is unnecessary to discuss the rejected instruction No. 10. It is enough to say that the reasoning by which we arrived at our decision on No. 6 is applicable to No. 10 also, and that the rejection of the latter constitutes reversible error.

We must not be understood as expressing unqualified approval of the instructions involved. They might be improved.

The judgment is reversed, and the trial court is directed to grant a new trial.

McMahan, J., not particpiating.