## CITY OF HUNTINGTON *v*. THOMAS.

[No. 12,889. Filed June 28, 1927. Rehearing denied October 11, 1927.]

1. MUNICIPAL CORPORATIONS.—Language of a statute imposing a liability on a municipality for damages will not be extended by implication. p. 403.

2. MUNICIPAL CORPORATIONS.—*Powers of municipal corporation.* —A municipal corporation can exercise only the powers granted to it in express words, or necessarily or fairly implied in or incident to the powers expressly granted, or those essential to the declared objects and purposes of the corporation. p. 403.

3. MUNICIPAL CORPORATIONS.—*Municipality not liable for injuries to travelers on highways outside of city.*—Ordinarily, there is no municipal liability for injuries to travelers on highways outside the boundaries of the municipality, and this liability is not imposed by the fact that a city has improved a street on the boundary line thereof. p. 404.

4. MUNICIPAL CORPORATIONS.—*Failure to maintain street outside of city in safe condition not violation of duty to traveler thereon.*—Any attempt by a city to improve or repair a road outside the city limits, or to expend any funds for such purposes, would be *ultra vires,* and a failure to maintain a street so improved in a safe condition would violate no duty to one injured by reason of its defective condition. p. 404.

5. APPEAL.—*Applicability of rule of "law of the case."*—The rule that a decision of a cause on a former appeal becomes the "law of the case" is not applicable to a point that was not raised or questioned in the former appeal. p. 405.

From Allen Superior Court; *Charles J. Ryan,* Judge.

Action by Martha A. Thomas against the city of Huntington. From a judgment for plaintiff, the defendant appeals. *Reversed.* By the court in banc.

*Emmett O. King,* for appellant.
*Samuel E. Cook* and *Otto H. Krieg,* for appellee.

McMAHAN, J.—This is an action by appellee against appellant for damages on account of injuries caused by reason of a defect in an alleged street. This is the second appeal in this case. See *Thomas* v. *City of Hunt-*

*ington* (1923), 80 Ind. App. 476, 141 N. E. 358, where the cause was reversed because of the failure to give an instruction requested by the plaintiff. On the second trial, there was a verdict and judgment for the plaintiff. The defendant's motion for a new trial was overruled and this appeal followed.

The only question which we need consider is appellant's contention that the verdict is contrary to law.

The evidence, without conflict, shows that appellee was injured while walking along a public highway, the north line of which, at the place where appellee was injured, and for a considerable distance both to the east and west of that place, was the south corporate line of appellant city. No part of such highway, at the place where appellee was injured, was ever within the corporate limits of the city of Huntington. This highway, at the place where appellee was injured, and for some distance both east and west therefrom, was twenty feet in width. Beginning at a point east of where appellee was injured, and also beginning at a point west of where appellee was injured, the highway or street is forty feet wide. Where the so-called street is forty feet wide, the north half of the street is in the city. Appellee, at the time of the injury, lived in a house on the north side of the twenty-foot way. The city had graded this street where it is but twenty feet wide and placed cinders on it, the same as it had on the part where it is forty feet wide. On the day when appellee was injured, she had started to go to the city and was walking along that part of the so-called street which is but twenty feet wide, and, in order to allow a wagon to pass, she stepped to the south and tripped over a wire which was concealed in the grass and fell on a fence post and broke her arm.

Appellee concedes that the place where she was injured was outside of the corporate limits of the city,

but she contends that appellant, by grading the so-called street, placing cinders thereon, and requiring the houses within the city and fronting thereon to be numbered, and by passing an ordinance naming the way as a street, accepted and acknowledged the way where she was injured as a street of the city, and, by reason of such acceptance, it is liable to a traveler thereon who is injured by reason of a defect therein.

1. The language of a statute imposing liability upon a municipality for damages in an action of this nature, will not be extended by implication. *Detroit* v. *Putnam* (1881), 45 Mich. 263, 7 N. W. 815; *Face* v. *Ionia* (1892), 90 Mich. 104, 51 N. W. 184.

2. It is not claimed that the city of Huntington, by its charter, was given any power or authority over the premises where appellee was injured. And, as said in 1 Dillon, Municipal Corporations (5th ed.) §237: "It is a general and undisputed proposition of law that a municipal corporation possesses and can exercise the following powers, and no others: First, those granted in express words; second, those necessarily or fairly implied in or incident to the powers expressly granted; third, those essential to the accomplishment of the declared objects and purposes of the corporation,—not simply convenient, but indispensable." As was said in *Becker* v. *LaCrosse* (1898), 99 Wis. 414, 75 N. W. 84, 40 L. R. A. 829, 67 Am. St. 874, referring to the quotation from Dillon: "It is also a rule of law as universal in its application that the agents, officers, or even the city council, of a municipal corporation cannot bind the corporation by the assumption of powers beyond those granted by the sovereign authority, except within the limitations above stated." And the court, farther along in the opinion, says: "The general doctrine is clear that such corporations cannot usually exercise their powers beyond their own limits.

The right to exercise extraterritorial powers can only arise by express grant of authority, * * * or by necessary implications from other powers granted."

In *Stealey* v. *Kansas City* (1904), 179 Mo. 400, 78 S. W. 599, it was held that an ordinance directing the construction of a sidewalk on a street not within the city limits was *ultra vires,* and hence the construction of the sidewalk under such ordinance did not estop the city, in an action by a person injured by reason of a defect in the sidewalk, from contending that it was not required to keep the sidewalk in repair. See, also, *McCook* v. *Parsons* (1906), 77 Nebr. 132, 108 N. W. 167.

McQuillin, Municipal Corporations, §2734, says: "There is no municipal liability for injuries from defective ways or sidewalks located outside the boundaries of the municipality."

Appellant had no power over the place where appellee was injured. It had no power or authority to expend the public funds of the city in the construction or repair of any road outside of its corporate boundaries. The statutes giving cities power over streets, limit such power to streets within the city. Any attempt by the city to have improved or repaired the road in question or to have expended any of the funds of the city for that purpose would have been *ultra vires,* and a failure to repair it violated no duty to one injured by reason of its defective condition. *Valentine* v. *Road Directors* (1924), 146 Md. 199, 126 Atl. 147; *Becker* v. *LaCrosse, supra.*

In *Donable's Admr.* v. *Harrisonburg* (1905), 104 Va. 533, 52 S. E. 174, 113 Am. St. 1056, 2 L. R. A. (N. S.) 910, 7 Ann. Cas. 519, it was held that a city in operating a stone quarry beyond its corporate limits was performing an act *ultra vires,* though its purpose was to procure stone necessary for use on the streets of the city, and that it was not liable for negligence in doing such

an act. In speaking on this subject, the court said: "It is equally well settled that a municipal corporation is, as a general rule, restricted to its corporate limits in the exercise of its corporate powers."

It is clear that appellant was under no obligation to keep the way in question in repair, and that the verdict in favor of appellee is contrary to law.

Judgment reversed, with directions to sustain the motion for a new trial, and for further proceedings consistent with this opinion.

### ON PETITION FOR REHEARING.

McMAHAN, J.—In support of her petition for a rehearing, appellee insists that under the "law of the case" as determined on the prior appeal, the judgment should have been affirmed. This contention is based upon the theory that the first paragraph of the complaint alleged the facts concerning the establishment, location, and opening of the highway where she was injured, by the county commissioners, the annexation thereafter by appellant of certain territory, which did not include the place where appellee was injured, and that this court, on the former appeal, by implication, held the first paragraph of the complaint good and that the place where she was injured was within the corporate limits of the city. There is no merit in this contention. We were not, in the former appeal, called upon to determine the sufficiency of either paragraph of the complaint.

The second paragraph of the complaint specifically alleges that the highway upon which appellee was injured was within the corporate limits of the city, and that it was one of the streets in the city. It may be doubtful whether the first paragraph sufficiently alleges that the place where appellee was injured was within the city limits. No question regarding the sufficiency

of either paragraph of the complaint was presented in the former appeal, nor in the present appeal.

The undisputed evidence in the instant appeal shows that the place where appellee was injured was outside of the city. The whole of the street at the point where appellee was injured, and for some distance both east and west of that point, not being within the city, appellant was not required to keep it in repair.

Rehearing denied.