HOOPENGARDNER ET AL. *v.* HOOPENGARDNER ET AL.

[No. 14,783. Filed December 21, 1935. Rehearing denied March 12, 1936. Transfer denied April 30, 1936.]

*W. E. Wybourn, Edward B. Henslee* and *A. E. Gordon,* for appellants.

*Eichorn, Gordon & Edris,* for appellees.

KIME, P. J.—Appellees brought suit below alleging in their complaint to set aside the will of Lewis Hoopengardner that said testator was of unsound mind at the time said will was executed; that it was unduly executed; that it was executed under duress and that it was obtained by fraud. Answers in general denial were filed to this complaint by Jasper B. Hoopengardner, individually, and as administrator with the will annexed of the estate of said decedent. Upon the issues thus joined trial was had by jury. At the close of the evidence nine interrogatories were submitted to the jury.

A verdict was returned in favor of appellees and judgment for them was entered thereon.

Appellants assign as error here the overruling of their motion for judgment on answers to interrogatories and that the court erred in overruling appellants' motion for a new trial. The grounds for the motion for new trial discussed are error of the court in giving four instructions and that the verdict is not sustained by sufficient evidence and that it is contrary to law.

The evidence discloses that Lewis Hoopengardner in 1928 was the owner of a one hundred-seventeen acre farm of considerable value; that he had a large family, and that following the death of his wife, about this time, his daughters took care of his house and cared for him and a mentally deficient son, who lived with him. Shortly after his wife's death a son, Jasper, who had been absent from his home many years, returned. Prior to his return the decedent had said, on many occasions, that he desired to distribute his property equally among his children. Up to the time of Jasper's return all of the children were friendly to the decedent who had equal affection for all. That shortly after Jasper's return to the father's home the father was always accompanied by him wherever he went and none of the other children were allowed to be in his presence alone. Gradually the father became what, at least seemed to appear, angry with all of the other children with the exception of the mentally deficient one. That decedent deeded to his son, Jasper, his farm, for the nominal consideration of $1.00 and the agreement that Jasper should care for his father for the remainder of his father's life, who was at that time approximately ninety years of age and only lived about two years thereafter. There is evidence in addition to the circumstances set out above from witnesses outside the family from which the jury could have been war-

ranted in believing that the father was unduly influenced by Jasper in the making of this will.

The appellants complain of instruction numbered 1 and say there is no competent evidence to support the charge of undue influence, but as stated above we find that there is sufficient competent evidence from which the jury could draw the inference that the testator was unduly influenced.

The appellants complain of instruction numbered 13 and say that it did not limit the jury in their consideration to the evidence of a particular issue. Considering that the jury is composed of men of ordinary intelligence we do not believe that this instruction could be misunderstood by them. The giving thereof was not prejudicial error.

The appellants next complain of instructions numbered 15 and 16 by which there was submitted to the jury the propositions of undue influence without specifically limiting their consideration to evidence bearing directly upon this question. The court by its instruction numbered 12 specifically told the jury that they should not consider the testimony of the children and their husbands and wives (as the case may be) upon this question and in view of this instruction we find no reversible error in the giving of these two instructions.

The appellants' counsel, in oral argument, conceded that the interrogatories complained of were improper and we find that they were improper, therefore, there is no need for a discussion of this question.

Finding no reversible error, the judgment of the Wells Circuit Court is in all things affirmed.

Wiecking, J., not participating.