**In re the ESTATE OF Helen A. DEAHL, Deceased.**

**Kenneth G. DEAHL, Appellant (Respondent Below),**

**v.**

**Richard R. DEAHL, as Personal Representative of the Estate of Helen A. Deahl, Appellee (Petitioner Below).**

**No. 02A03–8708–CV–215.**

Court of Appeals of Indiana, Third District.

June 29, 1988.

Opinion on Denial of Rehearing, Aug. 31, 1988.

David L. Peters, Mark A. Thoma, Fort Wayne, for appellant.

Warren W. Wyneken, Fort Wayne, for appellee.

HOFFMAN, Judge.

Respondent-appellant Kenneth Deahl appeals a trial court decision wherein certain assets were determined excludable from his stepmother's estate. Kenneth's brother, Richard Deahl the appellee herein, was appointed personal representative of the estate of Helen Deahl in November 1983. Specifically at issue are assets which Helen transferred to Richard, his wife Patricia, and his stepdaughter Janet, during Helen's lifetime.

Kenneth presents three issues for review:

(1) whether the trial court erred in determining that Helen made or affirmed transfers of certain assets to Richard, Patricia and Janet during Helen's lifetime;

(2) whether the trial court erred in excluding stock from Helen's estate which was held jointly by Helen and Richard then transferred to Patricia prior to Helen's death; and

(3) whether the trial court erred in admitting into evidence a statement of intention made by Helen to transfer the bulk of her estate to Richard during Helen's lifetime.

The evidence relevant to this appeal discloses that on February 20, 1981 Helen executed a power of attorney empowering Richard to act as her attorney-in-fact. The power of attorney was continuously in effect until the time of Helen's death in September 1983. During the period of the power of attorney most of Helen's assets were either transferred to Richard, Patricia and Janet or liquidated for Helen's use including living expenses.

In September 1981 Helen executed a document stating that she intended to "turn [her] personal estate over to [her] son Richard and his wife Pat." The document also stated an intention to exclude transfers to Kenneth Deahl.

After Helen's death Kenneth brought an action for the removal of Richard as the personal representative of the estate for failure to properly marshal assets of the estate and an action to contest the will. Richard as personal representative petitioned the court to close the estate as insol-vent. Following a trial in May 1986, the court denied the petition to close the estate as insolvent and found that three transfers of assets from Helen to Richard were not for Helen's benefit and that Richard was unable to demonstrate that Helen authorized or affirmed the transfers. Thus, the court ordered Richard to pay $33,574.38 plus $10,744.00 interest into the estate. Kenneth filed a motion to correct errors claiming that numerous other transfers to Richard and or Patricia should have been included in the estate's assets and claiming that the value of one asset included in the estate by the court should be reassessed. The court denied the motion to correct errors except as to valuation of the one transfer; thus an additional $3,525.00 was included in the estate's assets. Kenneth brings this appeal alleging that the other transfers were without consideration and in violation of the confidential relationship between Richard and Helen.

Kenneth's issues may be best discussed logically in the opposite order they were presented. First, if the trial court correctly considered Helen's September 1981 statement as evidence of her intent to transfer her estate to Richard prior to her death, the other two issues hinge upon the sufficiency of the evidence.

■ Kenneth objects to the admissibility of the document on two grounds: that the document was hearsay and that the document did not comport with statutory conditions imposed upon testamentary instruments. In the present case all of the questioned transfers were accomplished during Helen's lifetime through the creation of joint accounts with Richard and Helen or by deed. The document Helen executed in 1981 did not purport to transfer any specific property, but served only to demonstrate her intent in making the transfers. Thus, the document was not testamentary.

■ The transfers in the present case met the conditions for *inter vivos* gifts. Aside from the competency of the donor which will be discussed in the second issue, the valid *inter vivos* gift requires 1) the donor's intent to make a gift, 2) delivery by the donor and acceptance by the donee, 3) completion of the donation with nothing

left undone, and 4) the gift is immediate and absolute. *Lucas v. Frazee* (1984), Ind. App., 471 N.E.2d 1163, 1168. The donor's intent is generally a question of fact for the trial court. *Lucas, supra.*

"Where the intent with which a party performed an act is a disputed fact in a case or a material element of such a fact, declarations made by the party after, as well as before, such act, that indicate the intent with which he performed it, are admissible in evidence as an exception to the hearsay rule."

29 Am.Jur.2d 712, Evidence § 651.

The document served only as additional evidence of Helen's state of mind and that she intended to give the assets to Richard and his family. The declaration standing alone could not prove or disprove the existence of undue influence. *Cf. Evans v. Evans* (1951), 121 Ind.App. 104, 96 N.E.2d 688.

When determining whether a transfer qualified as an *inter vivos* gift, the burden of proof is a preponderance of the evidence. *Fort Wayne Nat. Bank v. Scher* (1981), Ind.App., 419 N.E.2d 1308, 1309. A preponderance of the evidence demonstrated that the transfers made to Richard and his family were intended as gifts.

█ Next, Kenneth claims that the transfers should be considered void because Richard held a position of trust, due to the power of attorney, during the time of the transfers. While Kenneth correctly states that certain legal or domestic relationships give rise to a presumption of undue influence if a transaction between the parties results in an advantage to the dominant party, the presumption may be rebutted by clear, unequivocal proof. *Lucas, supra*, 471 N.E.2d at 1167.

Even if the presumption arose in the present case, Richard presented considerable evidence as to Helen's competency and intent when she transferred property to Richard and his family. Moreover, at trial there was no proof that a significant number of the transactions benefited Richard in any way. Rather, Richard and others testified that withdrawals from Helen's account by Richard were made to meet Helen's living expenses and for her use.

Kenneth is, in effect, requesting this Court to reweigh the evidence and look only to the evidence he presented regarding Helen's competency to enter into transactions freely. A court on review may not weigh evidence or judge the credibility of witnesses. Thus, the court's determination as to the transactions questioned in Kenneth's two remaining issues was supported by substantial evidence and may not be reversed.

There being no finding of reversible error, the trial court's judgment is affirmed.

Affirmed.

OPINION ON REHEARING

HOFFMAN, J.

On rehearing respondent-appellant Kenneth Deahl correctly notes that the previous opinion on this matter mistakenly stated that, pursuant to a motion to correct errors, the trial court altered the valuation of one transfer and included an additional $3,525.00 in the estate's assets. Instead the court altered the valuation of the transfer but concluded that the entire value of the asset should be excluded from the estate's assets thereby reducing the assets "by $3,800.00 plus interest." The petition for rehearing is in all other respects denied.

GARRARD, P.J., and SULLIVAN, J., concur.