BONHAM *v.* MENDENHALL.

[No. 14,631.   Filed February 2, 1934.]

*John E. Sedwick,* for appellant.

*Silas C. Kivett* and *Joseph L. Kivett,* for appellee.

SMITH, J.—Appellant brought this action against appellee by a complaint in one paragraph for damages sustained to appellant's automobile in a collision with appellee's car.

The evidence has not been brought into the record, but the only question raised is upon the giving by the court of instruction No. 5, which reads as follows:

> "The burden is upon the plaintiff to prove that the driver of her car was free from contributory negligence. The law requires said driver to have a driver's license, and if the evidence fails to show that the driver, Brown, had a driver's license then plaintiff has failed to prove freedom from contributing (contributory) negligence and your verdict should be for the defendant."

From the complaint, it appears that appellant's car was damaged while being operated by her brother-in-law.

Appellee first raises the question of the sufficiency of appellant's brief. Although appellant's brief is not a model, and is subject to criticism, we think that the question presented is sufficiently raised in the brief, and that there has been a good faith effort to comply with the rules.

The second proposition raised by appellee is that the error in the giving of instruction No. 5, quoted above, was not assigned as a cause for a new trial. The only proper assignment of error which raised any question is the overruling of appellant's

motion for a new trial. In the appellant's motion for new trial, cause No. 1 and cause No. 2 call in question the giving to the jury of instruction No. 5 by the court upon its own motion. The bill of exceptions containing the instructions recites that this instruction above quoted was given by the court upon its own motion, and an exception was properly reserved to it, so this question as to the giving of this instruction is properly before this court.

Appellant presents the question of the error of the court in giving instruction No. 5 without bringing the evidence into the record under the statute, 1 Burns Ann. St. 1926, §717, 2 Burns Ind. St. 1933, §2-3223, Baldwin's Ind. Ann. Stat. 1934, §497. The question upon the giving or refusal of instructions may be presented without bringing the evidence into the record, and, as provided in said statute above cited, "it shall be sufficient, in the bill of exceptions, to set out the instructions or modifications excepted to, with a recital of the fact that the same were applicable to the evidence in the cause."

The bill of exceptions on the instructions includes No. 5, above quoted, but does not contain any recital that the instructions, including No. 5, were applicable to the evidence in the cause. This section of the statute requiring that a recital be made in the bill of exceptions that the instructions were applicable to the evidence does not apply to an instruction which was given and to which the opposite party excepted. In the case of *Thomas* v. *City of Huntington* (1923), 80 Ind. App. 476, 480, 141 N. E. 358, this court said:

"... where there is no evidence in the record the judgment will not be reversed on an instruction *given*, except where the instruction is so utterly erroneous that it could not be applicable to any evidence admissible within the issues and is of such

a nature as that its probable effect was harmful. In other words, as to an instruction *given,* the recital in the bill that it is applicable to the evidence will be ignored where the instruction is within the exception stated in the above rule."

Appellant is complaining of the giving of instruction No. 5, and the failure to recite in the bill of exceptions on the instructions that No. 5 is applicable to the evidence must be ignored, because to have recited in the bill of exceptions that this instruction No. 5 was applicable to the evidence would have defeated the right of appellant to reversal for the giving of the same. The Thomas case, *supra,* cites several authorities of our own court and the Supreme Court of this state upon this proposition.

The rule controlling the giving of an instruction when the evidence is not in the record has been stated by our Supreme Court, in the case of *Jones et al.* v. *Beasley et al.* (1921), 191 Ind. 209, 212, 131 N. E. 225, in these words:

"Where the evidence is not in the record, the giving of an instruction will not constitute reversible error if it would not have been erroneous under a supposable state of the evidence admissible under the issues to which it could apply. *Mankin* v. *Pennsylvania Co.* (1903), 160 Ind. 447, 454, 67 N. E. 229; *Indianapolis Traction, etc., Co.* v. *Ripley* (1911), 175 Ind. 103, 108, 93 N. E. 546; *Michigan, etc., R. Co.* v. *Farrell* (1912), 52 Ind. App. 603, 608, 99 N. E. 1026. The burden is upon the appellant to present for review a record which affirmatively shows that the error complained of was committed. Ewbank's Manual, §§122, 198, 209.

"But if it is shown that an erroneous instruction of a character which might probably be prejudicial to appellant was given and was duly excepted to, the court will not indulge in conjecture as to whether the state of the evidence made the error harmless, but it will be presumed to have prejudiced appellant's substantial rights unless the contrary is shown. *Waters* v. *Indianapolis Trac-*

*tion, etc., Co., supra; Cleveland, etc., R. Co.* v. *Case* (1910), 174 Ind. 369, 376, 91 N. E. 238; *Neely* v. *Louisville, etc., Traction Co.* (1913), 53 Ind. App. 659, 102 N. E. 455."

This instruction No. 5 given by the court is erroneous, and was prejudicial to appellant. The mere fact that the evidence failed to show that the driver of appellant's car had a driver's license is not sufficient in itself to warrant the court in saying that the appellant (plaintiff) has failed to prove freedom from contributory negligence, and then directing a verdict for the appellee (defendant). It is inconceivable that there could be any evidence introduced under the issues which would justify the giving of this instruction. Under any "supposable" state of the evidence, admissible under the issues, this instruction cannot be justified. It leaves out the element of casual connection between the act and the injury; it also omits the question of a proximate cause. So, under the authorities in this state and in view of the cases cited herein, we must hold that the giving of this instruction was erroneous under any "supposable" state of the evidence admissible under the issues.

It will be presumed where an erroneous instruction is given as in this case, that the same prejudiced the appellant's substantial rights, unless the contrary is shown. In the case of *Neely* v. *Louisville, etc., Traction Co., supra,* this court quoted with approval the language from the Supreme Court, as follows:

"The court having erred in giving the instruction, the legal presumption follows that such error was prejudicial to appellant and the burden is on appellee to show the contrary by the record. *Cleveland, etc., R. Co.* v. *Case* (1910), 174 Ind. 369." *Louisville etc., Traction Co.* v. *Korbe* (1911), 175 Ind. 450, 93 N. E. 5, 94 N. E. 768.

Appellee further contends that this instruction correctly states the law, and cites the case of *Repczynski* v. *Mikulak* (1931), 93 Ind. App. 491, 157 N. E. 464. This authority does not sustain appellee's contention. The court there held that the parents of a child, too young to obtain a driver's license under the statutes of Indiana, were liable for negligence in entrusting the operating of an automobile to such child, *for the injuries caused by the negligence of the child.* Appellee would have us apply this rule to defeat the recovery of appellant by holding that the mere fact that the evidence failed to show that appellant's driver had a license was sufficient to prove contributory negligence, and authorize a directed verdict for appellee. We cannot subscribe to this doctrine, nor does the Repczynski case, *supra,* sustain that position.

Appellee cites two cases from other jurisdictions, *Blanchard* v. *City of Portland* (1921), 120 Maine 142, 113 Atl. 18; *Johnson* v. *Boston & Maine Railroad* (1928), 83 N. H. 350, 143 Atl. 516. These cases seem to support appellee's proposition, but they are not in harmony with the decisions of our own, or many other states, nor do they support the rule which this court desires to follow.

We hold, therefore, that the question presented upon the giving of instruction No. 5 by the court is properly before this court; and that said instruction is erroneous and harmful to appellant; and that it was not proper under any evidence that might be introduced under the issues in this case. The error in giving instruction No. 5 was not cured by other instructions.

For the error in the giving of said instruction No. 5, this judgment is reversed and the lower court directed to sustain appellant's motion for a new trial.