## HOUGH *v.* MILLER ET AL.

[No. 16,755.   Filed October 20, 1942.]

*Robert L. Smith,* of Portland, and *A. Walter Hamilton,* of Bluffton, for appellant.

*Howard S. Young, Howard S. Young, Jr., Theodore L. Locke,* all of Indianapolis, and *William S. Gordon,* of Bluffton (*Fesler, Elam, Young & Fauvre* and *Slaymaker, Merrell & Locke,* all of Indianapolis, and *Eichhorn, Gordon & Edris,* and *Sturgis, Stine & Sturgis,* all of Bluffton, of counsel), for appellees.

CURTIS, J.—This was an action in the trial court by the appellant, the mother of a fifteen year old unemancipated son, against the appellees alleging the wrongful death of said son by reason of the concurring negligence and the willful and wanton misconduct of the appellees in an automobile accident. The deceased was riding as a guest in the appellee Miller's car which collided with the automobile truck belonging to the appellee, Goodyear Tire and Rubber Company, then being driven by the appellee Shugert. It was alleged that the father of the son was dead. The complaint was in one paragraph to which an answer of general denial was filed by each of the appellees. The cause

was submitted to a jury for trial resulting in a general verdict for the appellees, upon which a judgment was entered in accordance therewith. In due time a motion for new trial was filed by the appellant and overruled, and this action of the trial court is the only error assigned on appeal. The only causes or grounds of the motion for new trial that are presented on appeal are that the court erred in giving each of the instructions numbered six, seven, eleven and thirteen on the court's own motion, and in the refusal to give each of instructions one, two and three tendered by the appellant.

At the outset it is to be noted that no evidence is brought into the record and that the questions are raised solely upon the said instructions. The settled rule of law in this State is that where the evidence is not in the record upon appeal, a judgment will not be reversed on account of instructions given by the trial court if upon any suppossable state of facts relevant to the issues the instructions might have been correct. See *John Hancock Mutual Life Ins. Co.* v. *Keith* (1938), 105 Ind. App. 465, 469, 15 N. E. (2d) 738, from which we quote as follows:

"Where the evidence is not in the record, instructions given by the court cannot be regarded as erroneous if they can be considered correct upon any state of facts admissible under the issues, and we must presume that the instructions asked were refused because they were not applicable to the case made by the evidence."

See also *De Hart* v. *The Board of Commissioners of Johnson County* (1895), 143 Ind. 363, 41 N. E. 825, and cases therein cited. In so far as the case of *Kentucky and Oliver Avenue Realty Company* v. *City of Indianapolis* (1934), 98 Ind. App. 373, 375, 187 N. E. 270, discusses the situation where the record does not contain the evidence in any form, that case is so nearly in

point with the instant case that we quote from it as follows:

"The record before us does not contain the evidence in any form. In *Ferguson* v. *Bilsland et al.* (1925), 196 Ind. 291, 146 N. E. 326, we find the following rules laid down: 'Where the evidence is not recited in appellant's brief, it will be presumed that the instructions given correctly stated the law pertinent to the evidence and that those refused were not applicable to the evidence.' Also, 'Where the evidence is not in the record, instructions given will not be held erroneous if correct under any evidence admissible under the issues in the case.' In *Herring et al.* v. *Watson* (1914), 182 Ind. 374, 105 N. E. 900, it was in effect held that where the evidence is not in the record the judgment of the trial court will not be reversed for error pointed out in instructions given unless they are so radically erroneous as to be incorrect in view of any facts that might have been proven under the issues. To the same effect see *Vandalia Coal Company* v. *Yemm* (1910), 175 Ind. 524, 92 N. E. 49; *Hopkins et al.* v. *Dreyer* (1923), 81 Ind. App. 433, 142 N. E. 17. Under the circumstances of the instant case we are required to indulge every reasonable presumption in favor of the correctness of the instructions. *Vandalia Coal Company* v. *Yemm, supra; Ferris* v. *The State* (1900), 156 Ind. 224, 59 N. E. 475; *Reinhold* v. *The State* (1891), 130 Ind. 467, 30 N. E. 306."

The complaint in the instant case and the instructions including those given and those refused, of which complaint is made, are somewhat lengthy, and we do not feel called upon to extend this opinion unduly by setting them out. It is sufficient to say that when the issues tendered by the complaint and the answers thereto and the instructions given, which are, complained of, and those which are refused, of which complaint is made, are considered in the light of the above rules, that there is no reversible error shown.

We do not believe that the appellant has shown that any alleged errors as to instructions were carried into the verdict. As to each of said instructions numbered one, two and three, tendered by the appellant, it may be said generally that they were covered substantially by other instructions given in the case. There could, therefore, be no reversible error in the refusal to give them. We think these three instructions were also correctly refused on the additional ground that they sought to over-emphasize certain items of evidence. Under the general instructions as given, the jury could properly consider any evidence in the record under the issues, and the jury was told substantially to consider all of the evidence in determining the question of liability of the appellees.

The appellant complains of the giving of instruction number six by the court on its own motion. In a somewhat similar case, this court approved an instruction almost identical with said instruction number six. See *Chicago, etc., R. Co.* v. *Stierwalt* (1928), 87 Ind. App. 478, 153 N. E. 807. If said instruction six was not as full and complete as the appellant might wish, she should have submitted a more complete instruction. Not having done so, she cannot now complain. We think instruction number seven, given by the court and complained of by the appellant, correctly stated the law applicable under a supposable state of the evidence and within the issues. As to instruction number eleven, the appellees admit that the word "and" as used should have been "or," but say that the use of the wrong word is not cause for reversal where the jury was not misled. We think the appellees are correct as to this contention. See *Grand Trunk, etc., R. Co.* v. *Cather* (1931), 92 Ind. App. 563, 67 N. E. 551; also *Central Indiana Ry. Co.* v. *Mitchell*

(1936), 102 Ind. App. 121, 199 N. E. 439. It might be further said that the appellant cannot complain of the wrong use of the word "and" instead of "or" in this instruction because she invited the mistake in her own requested instructions and also in the complaint. It may be pointed out further that the court corrected the error by embodying the statute correctly in said instruction number eleven. The giving of instruction number thirteen by the court on its own motion was not error. As we read this instruction, it did not invade the province of the jury but was a more or less standard cautionary instruction. When the instruction is read, it is clear that the jury was told to apply the law to the facts regardless of the standing of the parties and regardless of sympathy. It did not mislead the jury as to the measure of damages, which was entirely covered in instruction number twelve given by the court.

In the case of *Indianapolis Traction, etc., Co.* ██ v. *Thornburg* (1921), 74 Ind. App. 642, 646, 125 N. E. 57, this court said:

"The instructions must be considered as an entirety. In reality there is but one instruction—one charge—given to the jury. But because of the serial nature of thought and expression, the charge necessarily must consist of several paragraphs, each of which is devoted to some particular feature of the case; and it is for convenience only that these paragraphs are numbered and designated as separate instructions. No instruction is to be regarded as independent and isolated, but rather as a related and connected part of the entire charge. The rule is that error in a particular paragraph will not justify a reversal unless it be of such a nature as to vitiate the whole charge. The entire charge is vitiated only when it is so erroneous that the jurors must have been misled as to the law of the case. *Shields* v. *State* (1897), 149 Ind. 395, 406, 49 N. E. 351."

Handicapped as we are in the instant case by the failure of the appellant to bring the evidence before us, so that we might consider it in passing upon the instructions complained of, we have concluded that the appellant has not presented to this court any cause for reversal based upon her alleged errors as to the instructions. Judgment affirmed.

NOTE.—Reported in 44 N. E. (2d) 228.