WYLIE v. MEYERS.

[No. 29,658. Filed June 18, 1958.]

*Cook & Cook, Floyd F. Cook* and *Edgar W. Bayliff*, all of Kokomo, for appellant.

*Joseph A. Noel, Jump, Noel & Lacey, Leroy M. Lacey, Jr.,* and *Robert J. Kinsey,* all of Kokomo, for appellee.

ACHOR, J.—This is an appeal from the Howard Circuit Court wherein the appellee filed his complaint for

personal injuries. The appellee was a pedestrian and the appellant was the operator of the motor vehicle.

The cause was tried before a jury and the jury rendered a verdict against the appellant. Thereafter the appellant filed his motion for a new trial in which numerous alleged errors were assigned. The motion for a new trial was overruled by the court and judgment was rendered for appellee upon the verdict of the jury.

At the outset appellee challenged the sufficiency of the appellant's briefs to present any issue for the reason that in form it does not comply with the requirements of Rule 2-17(e).[1]

At the outset appellant briefly summarizes the issues of law and of fact raised under the following headings: "Summary of Argument," "Issues" and "Errors and Causes Assigned." Thereafter appellant restates his position regarding the issues raised by the various assigned errors in the form of "Propositions" and "Point," with each point supported by authority.

In support of his position, appellee cites the cases of *Scott* v. *Pandell et al.* (1954), 124 Ind. App. 474, 476; 118 N. E. 2d 372; *Kruzick* v. *Kruzick et al.* (1954), 124 Ind. App. 365, 368, 118 N. E. 2d 376, in which cases the Appellate Court categorically held that if propositions, points and authorities, such as were required

---

1. This rule provides in part as follows: "The brief shall contain under the heading 'Argument' a specification of such of the assigned errors as are intended to be urged, and each cause in the motion for a new trial which is intended to be urged. After each assignment of error relied upon—except the ruling on a motion for a new trial, and after each cause for a new trial relied upon, there shall be concisely stated the basis of the objection to the ruling complained of, exhibiting clearly the points of fact and of law being presented, and how they are applicable, citing the authorities and statutes relied upon, and setting out in substance the relevant parts of such statutes as are deemed to have an important bearing. . . ."

under the old rule,[2] were included in the appellant's brief, they would not be considered. The rule was amended for the reason that under it both appellants and appellees were so bound by its rigid requirements that in many instances neither could most effectively present or meet the basic issues involved. Thus the rule operated to the disadvantage of the parties, the attorney and the court. The amendment was made to enable both parties to give greater consideration to the substance and less to the stereotype form of the argument.

It follows therefore that under the present rule (Rule 2-17(e)), an argument which rigidly adheres to the form of propositions, points and authorities is not favored. However, on the other hand, the rule does not prohibit the use of such form of argument. The only requirement is that " . . . after each cause for a new trial relied upon, there shall be concisely stated the basis of the objection to the ruling complained of, exhibiting clearly the points of fact and of law being presented, and how they are applicable, citing the authorities and statutes relied upon, . . ." If this directive is complied with in good faith, even though accomplished in part by presenting the argument in the form of propositions, points and authorities, the argument will not be rejected merely because such form of the argument is employed. Our appellate courts are committed to the policy of attempting to decide all cases upon their merits whenever possible, with increasing regard for the substance and diminishing regard for the form, and to that end it is the policy to place a liberal construction upon the rules. Flanagan, Wiltrout & Hamilton's Indiana Trial & Appellate Practice, §2115,

2. The rule formerly provided: ". . . Assigned error which is not set out in this part of the brief and supported by propositions, points, and authorities will not be considered. . . ." Rule 2-17(f) ; Adopted 4-17-40; Amended 11-30-49.

ch. 40, p. 4. *Miller, etc.* v. *Ortman, etc. et al.* (1956), 235 Ind. 641, 650, 136 N. E. 2d 17.

Furthermore, in this case we are confronted by the fact that appellee filed several motions for extension of time, by which motions he waived all technical defects in the briefs. *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629.

We recognize the fact that rules regarding the form and substance of the briefs are made for the benefit of both the parties and the court; therefore, although technical defects related to the form, and not to the required substance of the brief are waived by the parties, such waiver is not binding upon the court. Under such circumstances it is for the court to determine whether an appellant has made a good-faith effort to comply with the rules of the court and whether the arguments relied upon are stated in a reasonably clear and understandable form. In this case we conclude that appellee waived his right to question the particular form of appellant's brief and that, although the argument portion of the brief was ineptly drafted by appellant, he has made a good-faith effort and substantially complied with the rule. For these reasons we will consider appellant's brief upon the merits.

Among the errors assigned in this case was the giving of instruction numbered 5. In order to understand the significance of this instruction, a statement of the facts and the answers to certain interrogatories propounded to the jury are necessary. The facts in the case are substantially as follows:

Appellee was struck by appellant's automobile while crossing Washington Street on the 2nd day of November, 1952, in the city of Kokomo, Indiana. Said street runs north and south and is the route of U. S. Highway

31; and 35 through the city. The point of impact was about mid-way between intersecting streets. It was nighttime and cars were approaching from both directions immediately prior to the impact. The exact point of impact is in dispute. However, it was upon the east side of the highway and appellant was driving northward upon that portion of the highway. Appellee looked to the south at the middle of the highway and did not thereafter look again or change the pace of his walk. The area could be classified as a business district, however the highway was posted for 30 miles per hour under authority of the Indiana State Highway Commission.

In answer to interrogatory 19, the jury stated that immediately preceding the accident appellant was operating his car at 25 miles per hour. Also the jury in answer to interrogatory numbered 11 stated that the appellant, in the exercise of the care which a reasonable and prudent person would have exercised at the time, did not have sufficient time after seeing appellee to have done anything to avoid colliding with appellee.

Appellee's instruction numbered 5 reads:

"You are instructed that notwithstanding the existence of any of the statutes herein set forth and discussed, every driver of a motor vehicle shall exercise due care to avoid colliding with any pedestrian upon a roadway *and shall give warning by sounding the horn when necessary.*"

The objection to such instruction in part reads:

"1. The instruction places a greater degree of care upon defendant than was required as shown by the evidence.

"2. It is unlawful within Kokomo to sound a horn unless the operator of a motor vehicle has reasons to believe that it is necessary to the interests of safety. In this case there is no evidence in the record that defendant knew that the plaintiff

was in danger until it was too late to have sounded the horn and avoided the accident."

Where specific acts of negligence are alleged in a complaint the plaintiff must recover upon proof of these acts, or not at all. *Cleveland, etc. R. Co.* v. *Van Laningham* (1912), 52 Ind. App. 156, 97 N. E. 573; *Indianapolis, etc. Traction Co.* v. *Sherry* (1917), 65 Ind. App. 1, 116 N. E. 594; *New York Central R. Co.* v. *Powell* (1943), 221 Ind. 321, 47 N. E. 2d 615.

Here specific acts of negligence were alleged in the complaint, as follows: (1) excessive speed; (2) failure to keep a proper lookout, (3) swerving out of the proper lane of travel.

The failure to give warning by sounding a horn, which was the specific act of negligence made the subject of the above instruction, was not an act of negligence alleged in the complaint and thereby made an issue in this case. There is a total absence of evidence in the record with regard to either the sounding or not sounding of a horn.

The instruction was outside the issuable facts in evidence and, for that reason, erroneous. *Bodine* v. *Justice* (1949), 119 Ind. App. 393, 395, 85 N. E. 2d 504; *Dimmick* v. *Follis* (1953), 123 Ind. App. 701, 709, 111 N. E. 2d 486; *Koeneman* v. *Aldridge* (1954), 125 Ind. App. 176, 122 N. E. 2d 345; *Lindley* v. *Sink* (1940), 218 Ind. 1, 30 N. E. 2d 456, 2 A. L. R. 2d 772.

Judgment is therefore reversed with instructions to sustain appellant's motion for a new trial.

Bobbitt, C. J., Arterburn, Emmert & Landis, JJ., concur.

NOTE.—Reported in 150 N. E. 2d 887.