GARATONI; GARATONI *v.* TEEGARDEN.

[No. 19,008. Filed December 2, 1958. Rehearing denied December 30, 1958. Transfer denied May 14, 1959.]

501

*Albert L. Doyle,* of Mishawaka and *Albert B. Chipman,* of Plymouth, for appellants.

*McInerny & Huguenard,* of South Bend, *George F. Stevens* and *Stevens & Wampler,* of Plymouth, for appellee.

PFAFF, J.—Two separate actions against appellee were consolidated for trial in the court below and are presented here by consolidated briefs. One action was brought by appellant Lawrence H. Garatoni by his next friend for damages for personal injuries incurred in an accident, and the other action was brought by his father, the appellant Fred J. Garatoni, for damages to property and loss of services of his son as a result of the same accident.

The following statement of facts most favorable to appellee, as set forth in appellee's brief, is accepted by appellants with two exceptions to be noted:

"The involved collision occurred on October 6, 1953, in the intersection of Main and Fourth Streets in Mishawaka, Indiana. Main Street ran North and South and Fourth Street ran East and West. Main Street was the dividing line between the East and West Parts of the City. There was no speed sign located in the 100 block of West Fourth Street, but there was a 20 mile per hour speed sign for East-bound traffic in the 200 block of West Fourth Street.

"There was evidence to support the Jury's finding that the accident occurred in a business district.

"On the day of the collision the appellee, Doris M. Teegarden, lived about two miles south of Mishawaka. She left home about 7:25 or 7:30 a.m. and proceeded on Highway 331 to Fourth Street. On Fourth Street she turned to the left or west and traveled three blocks to the intersection with Main Street, where she intended to make a left hand turn. As she traveled west on Fourth Street until she was approximately half a block from Main Street she was traveling about 20 or 25 miles per hour. Then she slowed down. At approximately 150 feet from Main Street she turned on her automatic turn signals to indicate a left-hand turn. As she entered the intersection with Main Street she was on the north side of Fourth Street near the center line; the electric traffic signal at the intersection showed green for her; and at such time she was traveling at about ten miles per hour. After that she reduced her speed so that immediately before the collision her car was just barely in motion. As she approached the intersection she noted the squad car facing north on Main Street, just south of Fourth Street, waiting for the traffic light to change. She looked ahead but did not see any traffic approaching the intersection on Fourth Street.

"On October 6, 1953, appellant Lawrence H. Garatoni, the son of Appellant Fred Garatoni, was

fifteen years of age. He was in possession of a two-wheeled Cushman-Eagle motor scooter. The seat was about three feet above the ground. The father had paid for the motor scooter and received a Certificate of Title in his name about four or five months before the accident. Lawrence had been riding it, with the knowledge and consent of his father, who knew that Lawrence did not have a driver's license. The father had made an effort to get a license for his son but found it was impossible because of his age. He nevertheless still permitted Lawrence to drive the motor scooter.

"After the accident Fred Garatoni heard that Lawrence had been warned a couple of times by Mishawaka policemen about excessive speeding. The Assistant Chief of the Mishawaka Police at the time of the collision was an uncle of Lawrence Garatoni, and a brother-in-law of Fred Garatoni.

"On October 6, 1953, Lawrence picked up Richard Auble on Fourth Street about four or five blocks west of the intersection, and they proceeded east on Fourth Street to the intersection with Main. Lawrence was driving and Richard was on the rear part of the seat. At a point between 75 and 100 feet west of the intersection, Lawrence was traveling at a speed of about 25 miles an hour, and at such point the motor scooter started to pick up a little speed. The motor scooter did not slow down as it approached the intersection and it entered the intersection at a speed of 30 to 40 miles an hour.

"As Miss Teegarden approached the intersection from the east and Lawrence from the west, there was a car ahead of Lawrence stopped in the intersection prior to making a left turn. It was facing in an easterly direction with its left side approximately on the imaginary center line of Fourth Street. It was not quite to the center of Main Street. Lawrence turned out to the right to go around the stopped car. He got just a brief glimpse of the Teegarden automobile. He tried to steer to the right and does not remember too much after that. He did not know whether the Teegarden automobile was moving or stopped. Miss Teegarden first saw the motor scooter when she

started to make a left hand turn and the motor scooter was not more than five feet in front of her. She applied her brakes. The front of the Teegarden car and the front of the motor scooter came together. The automobile did not move after the collision."

Appellants question the statement that there was a car ahead of Lawrence stopped in the intersection facing in an easterly direction but admit that such statement is supported by the testimony of Lawrence himself and we, therefore, accept it.

Appellants further challenge the statement that the accident occurred in the business district. We find that there was evidence from which the jury could have properly concluded that the accident occurred in a business district.

Appellant argues that the verdicts were contrary to law in that the evidence and inferences therefrom most favorable to appellee establish as a matter of law that appellee was guilty of negligence which was the sole proximate cause of the collision. However, in our opinion reasonable men might draw different conclusions from the evidence. There was evidence from which the jury could have found that appellants were guilty of contributory negligence, which was a question of proximate cause of the collision. Under the evidence here the question of proximate cause was one for the jury. *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629; *Phares* v. *Carr* (1952), 122 Ind. App. 597, 106 N. E. 2d 242. In *Phares* v. *Carr, supra,* this court said:

". . . Also, it has been stated that proximate cause is a question for the court only when the facts are plain and undisputable, but if there is some reasonable doubt as to the proximate cause of an injury, it is a question for the jury. See 65 C. J. S., §264(a), p. 1187.

"As stated by this court in the case of *McIntosh* v. *Pennsylvania R. Co.* (1941), 111 Ind. App. 550, 559, 38 N. E. 2d 263:

"'. . . The fundamental test under the doctrine as determined by the decisions of this State, is the test of foreseeability.' We agree with the ▮ appellee that under our decisions the fundamental test is the test of forseeability. In the case of *Swanson* v. *Slagal, Administratrix* (1937), 212 Ind. 394, 413, 8 N. E. 2d 993, the Supreme Court after analyzing many of the Indiana cases, has this to say: 'As stated above this court has utilized as a practical rule of legal cause the test of forseeability. The result of the holding in the foregoing cases is that if the wrongful act of the defendant is a substantial factor in producing the injury complained of, and if the particular injury suffered by the plaintiff is one of a class which was reasonably forseeable at the time of the defendant's misconduct, then there is a causal relation in fact as well as a legal cause. It is the function of the jury to determine whether the defendant's act is a substantial factor in producing the injury of the plaintiff and whether such injury was reasonably forseeable at the time of the defendant's misconduct.' "

Appellants' tendered Instruction No. 3, which was refused, reads as follows:

"One who operates an automobile on public highway is bound to observe the highway in front of him so as to discover other vehicles or pedestrians thereon and avoid colliding therewith, and to keep his automobile under such control that he may reasonably operate or stop the same to avoid a collision and possible injury to other persons. He is bound to see what he could have seen if he had exercised due care under the circumstances; and if, in this case, you find that the defendant could have seen the plaintiff with whom she collided in time to have so operated her automobile, or to have stopped the same in time to have avoided a collision with the plaintiff, by the exercise of due care and caution required by the particular circumstances, and you also find that she did so collide with the plaintiff, then she was negligent in

operating her automobile as to cause such collision, as alleged in the complaint, and if you find plaintiff was not guilty of contributory negligence, your verdict should be for the plaintiff."

While the giving of a similar instruction was held not to be error in *McClure* v. *Miller* (1951), 229 Ind. 422, 98 N. E. 2d 498, in that case it was held to be within the issues and applicable to the evidence.

Here there was no allegation of a failure by appellee to keep her automobile under control. The instruction was not applicable to the issues and the evidence and was properly refused. Flanagan, Wiltrout and Hamilton, *Indiana Trial and Appellate Practice*, §1510, p. 51; *Koeneman* v. *Aldridge* (1954), 125 Ind. App. 176, 122 N. E. 2d 345; *Automobile Underwriters, Inc.* v. *Smith* (1956), 126 Ind. App. 332, 133 N. E. 2d 72; *Wylie* v. *Myers* (1958), 238 Ind. 385, 150 N. E. 2d 887; *Able* v. *Bane* (1953), 123 Ind. App. 585, 110 N. E. 2d 306; *Clark* v. *Rohr, Admtrx.* (1953), 123 Ind. App. 209, 109 N. E. 2d 727; *C. & E. I. Railroad Co.* v. *Alexander* (1955), 126 Ind. App. 75, 125 N. E. 2d 171.

Appellee's Instructions Nos. 3 and 22, which were similar, are based upon an instruction appearing in *Repczynski* v. *Mikulak* (1931), 93 Ind. App. 491, 157 N. E. 464, and which instructions read as follows:

No. 3—"A statute of the State of Indiana (Section 47-2701) Burns in full force and effect at the time of the collision in controversy provided in part as follows: 'No person, except those expressly exempt under the provisions of this Act, shall drive or operate any motor vehicle upon any public highway unless such person has been licensed and is the holder of a valid license or permit, issued in accordance with the provisions of this Act, for the operation of a motor vehicle.' A statute of the State of Indiana (Sec. 47-2703 Burns) in full force and effect at the time of the collision in con-

troversy provided in part as follows: '(a) An operator's or conditional chauffeur's license shall not be issued to any person under sixteen (16) years and (1) month of age.' . . . '(d) A beginner's permit shall not be issued to any person under sixteen (16) years of age.'

"I charge you therefore that if Lawrence H. Garatoni operated a motor scooter upon the public streets of the City of Mishawaka while he was 15 years of age, he was guilty of negligence as a matter of law and if you find that such negligence on his part was a proximate cause of the collision in controversy, then in the action brought by Lawrence H. Garatoni, by his next friend, your verdict shall be for the defendant.

"I further charge you that if Fred J. Garatoni, his father, knowingly permitted his fifteen year old son to so operate a motor scooter on the public streets of the City of Mishawaka without a driver's license, then the said Fred J. Garatoni was guilty of negligence, and if you find that such negligence of Fred J. Garatoni was a proximate cause of the collision in controversy, then in the action brought by Fred J. Garatoni your verdict shall be for the defendant.

No. 22—"At the time of the accident in controversy it was a violation of our statutes for a person under the age of sixteen years to drive or operate a motor vehicle on the highways or streets of this state. I charge you, therefore, that if Lawrence Garatoni operated a motor vehicle on the public highways of this state, which would include the public streets of the city of Mishawaka, Indiana, while he was under the age of sixteen years, he, the said Lawrence Garatoni, was guilty of negligence. I further charge you that if Fred J. Garatoni, the father of said Lawrence H. Garatoni, and having the care, custody and control of the said Lawrence H. Garatoni, had knowledge of such negligent acts of his son, the said Lawrence H. Garatoni, and countenanced his driving a motor vehicle or motor scooter, then the said Fred J. Garatoni was also guilty of negligence in permitting his son to drive said motor vehicle on the day in question; and if you find the negligence of said plaintiffs was a proximate cause of the in-

juries to the plaintiffs, then there can be no recovery in such case. That is to say, if you find the negligence of Lawrence H. Garatoni was a proximate cause of the injuries to himself, then he cannot recover in this case. And if you find the negligence of Fred J. Garatoni, as I have herein defined it to you, was a proximate cause of the damages he claims to have suffered, then the said Fred J. Garatoni cannot recover in this case, and your verdict should be for the defendant."

There was no objection to that part of the instructions which stated that there was guilt of negligence in so operating and permitting the operation of a motor vehicle. The objection was that it was not proper to submit to the jury the question of whether such negligence was a proximate cause of the collision.

In *Opple et al.* v. *Ray* (1935), 208 Ind. 450, 195 N. E. 81, wherein it was alleged (but shown otherwise) that the unlicensed operator was a minor, the Supreme Court stated:

" . . . But we are unable to see how minority or lack of an operator's license could be cause of an injury. It is true that lack of skill or knowledge concerning the operation of an automobile may cause an injury; and some evidence was introduced tending to establish that Helen Opple was not familiar with the operation of an automobile. But if a person, adult or minor, unlicensed to operate an automobile, is intrusted with one and operates it with that degree of care and skill that is required of a licensed operator, negligence cannot be predicated upon the mere fact of minority or lack of an operator's license."

This case must be read in connection with *Repczynski* v. *Mikulak, supra.*

While mere minority or the failure to have a license or permit does not establish a causal connection between

the operation of the vehicle and the injury, in substance the statute declares that persons of the age of appellant Lawrence Garatoni do not possess the requisite care and judgment to operate motor vehicles on the public highways without endangering the lives and limbs of others. See also *Smith* v. *Thomas* (1955), 126 Ind. App. 59, 130 N. E. 2d 85; *Bonham* v. *Mendenhall* (1934), 98 Ind. App. 189, 188 N. E. 695. It was proper to submit to the jury the question of the causal connection between the manner of the operation of a motor vehicle by such a driver and the collision. The instructions were not subject to the objections made.

Appellee's Instructions Nos. 16 and 17 defined negligence and contributory negligence in terms of an act or thing which a reasonably careful and prudent person would not have done under the same or like circumstances or an omission to do some act or thing which a reasonably careful and prudent person would have done under the same or like circumstances. The objection was that the standard should be that of a person of like age under the same or similar circumstances; that appellant Lawrence Garatoni, who was 15 years old at the time of the collision, was not subject to the standard of a reasonably careful and prudent person but only that of people of his age, training and experience.

Appellee's Instruction No. 16 and appellants' objections thereto read as follows:

> *Instruction No. 16.* "Contributory negligence which is a defense is negligence on the part of the plaintiff, or injured persons, which causes, or partly causes, his or her injuries. If an injured person does some act or thing which a reasonably careful and prudent person would not have done under the same or like circumstances, or omits to do some act or thing which a reasonably careful and prudent person would have done under the

same or like circumstances, and such act or omission causes or partly causes or contributes to his or her injury, this is contributory negligence, and when found by the jury, prevents a recovery for the plaintiff."

*Objection to Instruction No. 16.* "Plaintiff objects to defendant's tendered instruction No. 16 for the reason that the standards set up in that instruction is for a careful and prudent person. We think that it should be applicable and that the instruction should so state that a person under like age under same or similar circumstances. In other words, Lawrence Garatoni was not subject to the same standard that we there say, for instance, an expert, but only of people of like age, training and experience. We would show that he has been driving a scooter for a year and a half. That is one thing as against some person who has been driving for forty years or thereabouts."

Appellee's Instruction No. 17 and appellants' objections thereto read as follows:

*Instruction No. 17.* "Negligence which renders one liable to another who is injured thereby is the doing of some act or thing which it is his duty to refrain from doing; or the failing to do some act or thing which it is his duty to do. Or, to put it in other words, the doing of something which a reasonably careful and prudent person would not have done under the same or like circumstances, or the failing to do something which a reasonably careful and prudent person would have done under the same or like circumstances, constitutes negligence; and where such negligent act is done or omitted, and by reason of it another suffers injury therefrom, such negligent person is liable to the injured person, he being without fault."

*Objection to Instruction No. 17.* "Plaintiffs object to defendant's tendered instruction No. 17 for the reason that the standards set up in that instruction is for a careful and prudent person. We think that it should be applicable and that the instruction should so state that a person under like age under. same or similar circumstances. In other words, Lawrence Garatoni was not subject to the

> same standard that we there say, for instance, an expert, but only of people of like age, training and experience. We would show that he has been driving a scooter for a year and a half. This is one thing as against some person who has been driving for forty years or thereabouts. That there is no attempt to apply the rule set forth in Instruction No. 17 to the facts in this case. That is to say to whom is this instruction No. 17 applicable, Lawrence Garatoni or the defendant."

The standard or degree of care which a child, who is *sui juris*, must exercise for its own safety in order to avoid being guilty of contributory negligence, has been discussed by this court in several cases. *Indianapolis Railways* v. *Williams* (1945), 115 Ind. App. 383, 59 N. E. 2d 586; *Tabor* v. *Continental Baking Company* (1941), 110 Ind. App. 633, 38 N. E. 2d 257 and cases cited.

The effect of the violation of a statute or ordinance as affecting the standard of care and a child's contributory negligence has not been discussed in any case brought to our attention. See Anno. 174 A. L. R. 1170. However, any error in these instructions was invited by appellants' Instruction No. 2, which reads as follows:

> "I further instruct you that if a person, adult or minor, unauthorized to operate a motor vehicle, operates a motor vehicle with that degree of care and skill that is required of a licensed operator, negligence cannot be predicated upon the mere fact of minority or the lack of an operator's license.
>
> "So, in this case, even though the plaintiff, Lawrence Garatoni was a minor and did not have an operator's license, he would not be guilty of contributory negligence by reason of such facts alone, unless you further find that he did not exercise the care that a reasonably, prudent person would have used under the same or similar circumstances."

and which instruction used the same standard complained of in appellee's instructions. A party cannot complain of an error in an instruction when he has tendered an instruction containing the same or a similar error. *Tompkins* v. *Smith* (1952), 122 Ind. App. 502, 106 N. E. 2d 487; *Koeneman* v. *Aldridge, supra; Stull* v. *Davidson* (1955), 125 Ind. App. 565, 127 N. E. 2d 130.

Appellants complain of the giving of appellee's Instruction No. 26, as follows:

"The statute of the State of Indiana (Section 47-2027 Burns) in full force and effect at the time of the collision in controversy provided as follows:

" 'The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver, having so yielded and having given a signal when and as required by this act, may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield right of way to the vehicle making the left turn.'

"If you find from a preponderance of the evidence that the defendant failed to obey the provisions of said statute, then she was guilty of negligence, unless you further find from a preponderance of the evidence which resulted from causes or things beyond defendant's control and not produced by her own negligence, it was impossible for her to comply with said statute."

on the ground that it is not applicable to the evidence while at the same time admitting that it correctly states the law. The objection and argument is based upon the theory that there was no other vehicle in the intersection except appellee's automobile and the scooter. However, as previously stated, the appellant Lawrence Garatoni, testified that there

was a car in front of him going in the same direction close to the center line of Fourth Street; the car was stopped in the intersection with its left side about at the center line extended. The car was making a left turn; it was not quite to the center of Main Street; Lawrence went to the right of the car facing east to go around it. The weight and credibility of his testimony was for the jury. The instruction was not subject to the objection and argument made.

Appellants also present as error the overruling of their objections to certain interrogatories submitted to the jury, the overruling of their motion to strike and the submission of such interrogatories. The objections were in substance that the interrogatories called for legal conclusions. There was no motion for judgment on the interrogatories notwithstanding the verdicts and the answers were not in conflict with the verdicts. It seems clear that some or all of these interrogatories were improper as calling for conclusions of law and should not have been submitted. However, the error was harmless as the court should disregard the answers in rendering judgment on the verdict. Vol. 3, Lowe's Revision of *Works' Indiana Practice*, §56.15; *Hinds, Ex'tr.* v. *McNair* (1956), 235 Ind. 34, 129 N. E. 2d 553; *Roller et al.* v. *Kling et al.* (1898), 150 Ind. 159, 49 N. E. 948; *Stull* v. *Davidson, supra.*

Appellants further urge their assignment of error No. 1, that the court erred in overruling appellants' motion for a new trial, and present causes No. 3 (d) and No. 4 of such motion:

"The Court erred in overruling the objection made by counsel for plaintiffs to the improper argument to the jury by one of the attorneys for the defendant, which improper argument constituted misconduct of counsel for the prevailing party, . . ."

Appellants' brief informs us that a bill of exceptions was filed covering this matter but the contents thereof are not set forth in the brief. We will not search the record in order to find reversible error. Flanagan, Wiltrout and Hamilton, *Indiana Trial and Appellate Practice*, §2783 and cases there cited.

From a careful examination of the record in this appeal it appears to this court that the merits of the cause were fairly tried and a just result reached and determined in the court below and we find no reversible error herein.

Judgment affirmed. Crumpacker, P. J. Kelley, J., concur.

In totidem verbis, functus officio, finis.

NOTE.—Reported in 154 N. E. 2d 379. Transfer denied, Arterburn, Acting C. J.; Landis, J., dissents.