HARPER *v.* JAMES.

[No. 30,710. Filed January 11, 1965.]

*Buena Chaney* and *Mann, Mann, Chaney & Johnson,* of Terre Haute, for appellant.

*Thomas & Thomas,* of Brazil, and *Tennis & Cochran,* of Sullivan, for appellee.

ACHOR, J.—The action is before this court on petition to transfer. [See: *Harper* v. *James* (1963 Appellate Court) 191 N. E. 2d 504.]

This is an action for personal injury arising out of an automobile collision. Judgment was for the defendant-appellee.

Appellant, in Cause 1-B of her motion for new trial, assigns as error giving of the trial court's Instruction No. 10. The instruction is as follows:

"You are instructed that you are not allowed to *conjecture* that any conduct on the part of the defendant was the direct and producing cause of the collision. You may not legally guess a verdict in favor of either party. So in this case the burden is upon the plaintiff to prove by a fair preponderance of all the evidence in this case the material allegations of her complaint and likewise to prove by a fair preponderance of all the evidence in this case facts showing that the alleged misconduct of the defendant was the *sole proximate cause* of the collision or damages complained of; and the failure in this particular on the part of the plaintiff is fatal to her recovery, and in such case your verdict should be for the defendant." [Our emphasis.]

First, appellant equates "conjecture" with "think." Thus, with this interpretation appellant claims that the instruction invades the province of the jury. However, the use of the word "conjecture" is not erroneously used in the instruction. The word is defined:

"An idea or notion founded on a probability without any demonstration of its truth; an idea or surmise inducing a slight degree of belief founded upon some possible, or perhaps probable fact of which there is no positive evidence . . . An explanation consistent with but not deducible as a reasonable inference from known facts or conditions. . . ." Black's Law Dictionary 4th Ed (1957), p. 373.

The use of the word conjecture is consistent with numerous decisions of this court which have held that a verdict cannot be based on mere guess, conjecture, surmise, possibility or speculation. *Newsom v. Pennsylvania Railroad Company*

(1962), Ind. App. 186 N. E. 2d 699; *Kelly* v. *Davidson et al.* (1959), 129 Ind. App. 384, 154 N. E. 2d 888; *Smith, Executrix* v. *Strock, Executor* (1945), 115 Ind. App. 518, 60 N. E. 2d 157. The failure to use a particular word in an instruction is not error if the word used conveys the proper meaning. For example, see: *Lincoln National Bank & Trust Co.* v. *Parker* (1941), 110 Ind. App. 1, 34 N. E. 2d 190; *Brooks* v. *Muncie Traction Co.* (1911), 176 Ind. 298, 95 N. E. 1006.

However, this instruction was erroneous because it imposed a burden upon the plaintiff-appellant of proving the absence of contributory negligence.

In *King's Indiana Billiard Co.* v. *Winters* (1952), 123 Ind. App. 110, 125-126, 106 N. E. 2d 713, the problem was discussed as follows:

> "Appellants' objections to the giving of Instructions Nos. 1, 3 and 5 are based upon the contention that each of the three instructions were mandatory, but failed to include the element of appellee's freedom from contributory negligence. Each of such instructions contained statements to the effect that if the jury found that the appellants' negligence was the *sole and proximate* cause of appellee's injuries the verdict should be for the plaintiff. By the use of such words the court told the jury that they must find that the defendant's negligence was the sole proximate cause of appellee's injuries and in so doing, said in effect there must have been no other proximate causes, which other proximate causes would include the contributory negligence, if any, of the plaintiff. *Weis* v. *Wakefield* (1942), 111 Ind. App. 106, 38 N. E. 2d 303; *Gerow* v. *Hankins* (1934), 99 Ind. App. 352, 192 N. E. 713." [1]

1. It is asserted that the giving of appellee's Instruction No. 10, although erroneous, did not constitute reversible error because the appellant, herself, used the phrase "sole proximate cause" in instructions tendered by her, and thus invited the error. It is true that appellant correctly used the phrase in other instructions. However, the proper use of the phrase in appellant's instructions cannot be said to invite or justify its erroneous use in another instruction given by the court, as is the circumstance in this case.

A plaintiff is not required to allege or prove freedom from contributory negligence. Acts 1959, ch. 63, §1, p. 130, being §2-1025, Burns' 1946 Repl. (1964 Supp.) ; *Lincoln Operating Co.* v. *Gillis* (1953), 232 Ind. 551, 114 N. E. 2d 873; *Michigan Cent. R. R. Co.* v. *Spindler, Admr.* (1937), 211 Ind. 94, 5 N. E. 2d 632. Instruction No. 10 which imposed this burden upon appellant was erroneous.[2]

Appellee contends that Instructions Nos. 4, 19, and 20 given by the court correctly state the law as to the burden of proof of contributory negligence and that these instructions cured the error, if any, in Instruction No. 10. However, the error cannot be rendered harmless by the mere giving of other instructions which state the law correctly.

As stated in *Fowler* v. *Wallace* (1892), 131 Ind. 347, 355-356, 31 N. E. 53:

"... It is an elementary principle of procedure that the court can not by contradictory instructions leave to the jury the duty of determining which of the two lines of instructions shall be followed, or what rule of law shall control the case. The law must come from the court, and be so declared that the jury can follow it without confusion."

Judgment reversed.

Arterburn, C. J., Landis & Myers, JJ., concur.

Jackson, J., dissents, with opinion.

---

2. It is asserted in the dissenting opinion that discussion regarding the giving of Instruction No. 10 is mere dicta, since the instruction "was not mandatory." However, reversible error in the giving of an instruction is not dependent upon its being mandatory. Further, notwithstanding contentions to the contrary, appellee's Instruction No. 10 contains all the characteristics of a mandatory instruction. Vance v. Wells (1959), 129 Ind. App. 659, 159 N. E. 2d 586 cited by appellee.

DISSENT

JACKSON, J.—This matter is here on petition to transfer. It came to the Appellate Court on appeal from a judgment of the Sullivan Circuit Court denying plaintiff-appellant relief in an action for damages for personal injuries resulting from an automobile collision.

Appellant, in her petition to transfer, relies on the alleged erroneous mandatory instruction, being defendant's instruction No. 10 given by the court and appearing at page one of petition to transfer, page one of the majority opinion, and in appellant's brief page 164. Appellant objected to the giving of said instruction in writing as appears from page two of her petition as follows:

"Appellant, the plaintiff below, made her specific objections in writing to said instruction as follows:

"Plaintiff objects to the giving of defendant's tendered instruction #10 which the Court has indicated it will give to the jury for the following reasons:

"1. That the instruction places on the plaintiff a burden of proof greater than that required by law, in that it requires her to prove her freedom from contributory negligence, as witnessed by the words in the third sentence of said instruction, to-wit: 'and likewise to prove by a fair preponderance of all the evidence in this case facts showing that the alleged misconduct of the defendent was the sole proximate cause of the collision or damages complained of; and the failure in this particular on the part of the plaintiff is fatal to her recovery, and in such case your verdict should be for the defendant.'

"2. The portion quoted above constitutes a mandatory instruction to return a verdict for the defendant if the plaintiff does not successfully carry the burden of proving herself free from contributory negligence. . . .'

"(Tr. p. 451-452; Appellant's Brief, p. 178)

"Appellant relied on said error in her motion for a new trial in cause 1b thereof which was as follows:

"The plaintiff in the above entitled cause moves the court for a new trial herein on each of the following grounds separately considered:

"1. Error of law occurring at the trial as follows: ...

"b. The court erred in giving to the jury, at the request of the defendant, defendant's tendered instruction No. 10, to the giving of which instruction the plaintiff duly objected within the proper time by filing written objections to said instruction after the Court had indicated the instructions it would give to the jury and before said instructions were given to the jury.'

'Tr. p. 531, and Appellant's Brief, p. 224)'"

The phrase "sole proximate cause" it is contended placed an undue burden on plaintiff requiring a showing she was free from contributory negligence.

It would seem that standing alone Instruction No. 10 is erroneous, but the Appellate Court disposed of the question, saying it was not reversible error because, " '[a] party cannot complain of an error in an instruction when he has tendered an instruction containing the same or a similar error.' *Garatoni* v. *Teegarden* (1959), 129 Ind. App. 500, 513, 154 N. E. 2d 379." [Cited in 191 N. E. 2d 506.]

In appellant's tendered instructions, which were given by the Court Nos. 3 and 6, appellant-plaintiff used the same language he now complains of.

The statement in the majority opinion "[h]owever this instruction was erroneous because it imposed a burden upon the plaintiff-appellant of proving the absence of contributory negligence" is dicta, not sustained by a reading of the instruction. If for the purpose of this argument we were to ignore the case of *Garatoni* v. *Teegarden, supra,* reversible error would still not be

present in the case at bar for the reason that the instruction complained of (No. 10) was not mandatory.

A mandatory instruction is one which unequivocably charges the jury that if they find a certain set of facts exists they must render a verdict accordingly therewith. The Court in the case of *Vance* v. *Wells* (1959), 129 Ind. App. 659, 159 N. E. 2d 586, said:

".  .  . A mandatory instruction unequivocally charges the jury that if they find from a preponderance of the evidence that a certain set of facts exists, they must render a verdict in accordance therewith, either for the plaintiff or in favor of the defendant. It positively directs the jury to find for one party and against the other. It is necessary that all the essentials to either party's right to recover must be included in such an instruction. *Moorman Mfg. Co.* v. *Barker* (1942), 110 Ind. App. 648, 40 N. E. 2d 348. Defendant's Instruction No. 1 does not attempt to do this, but merely informs the jury generally as to the care the law required of the two drivers and the guest, in accordance with the law as stated in the other instructions given."

In *Stull* v. *Davidson et al.* (1955), 125 Ind. App. 565, 579, 127 N. E. 2d 130, the Court said:

".  .  . If, considering the instructions as a whole, they fully and fairly instruct the jury as to every material fact in controversy, they will be considered as sufficient. Error in any particular instruction will not justify a reversal unless it be of such a nature as to vitiate the whole charge to the jury and such charge is vitiated only when the instruction is so erroneous that it must be concluded that the jurors have been misled as to the law of the case. *Hough* v. *Miller* (1942), 112 Ind. App. 138, 44 N. E. 2d 228; *Jones* v. *Kasper* (1941), 109 Ind. App. 465, 33 N. E. 2d 816; *Koeneman* v. *Aldridge* (1954), 125 Ind. App. 176, 122 N. E. 2d 345."

The Court has said,

"The instructions must be considered as an entirety. In reality there is but one instruction

—one charge—given to the jury. But because of the serial nature of thought and expression, the charge necessarily must consist of several paragraphs, each of which is devoted to some particular feature of the case; and it is for convenience only that these paragraphs are numbered and designated as separate instructions. No instruction is to be regarded as independent and isolated, but rather as a related and connected part of the entire charge. The rule is that error in a particular paragraph will not justify a reversal unless it be of such a nature as to vitiate the whole charge. The entire charge is vitiated only when it is so erroneous that the juror must have been misled as to the law of the case. *Shields* v. *State* (1897), 149 Ind. 395, 406, 49 N. E. 351. . . ." *Indianapolis Traction, etc., Co.* v. *Thornburg* (1921), 74 Ind. App. 642, 646, 125 N. E. 57; *Hough* v. *Miller* (1942), 112 Ind. App. 138, 44 N. E. 2d 228.

The majority opinion in relying on *King's Indiana Billiard Co.* v. *Winters* (1952), 123 Ind. App. 110, 106 N. E. 2d 713, does not take into consideration that therein it was the defendant who was appellant while in the case at bar the appellant was the plaintiff in the original action.

Where such wording as sole proximate cause may be prejudicial error as to a defendant the language therein could in no wise be construed as prejudicial to the plaintiff. Even after consideration of that question by this court in the above cited case, (*King's Indiana Billiard Co.* v. *Winters, supra,*) the court did not find reversible error.

For the reasons stated herein transfer should be denied.

NOTE.—Reported in 203 N. E. 2d 531.